Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
7321 North 16th Street
Phoenix, Arizona 85020
(602) 254-6044
E-Mail: guydknoller@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALVIN R. DOMINIQUE,<br><br>           Plaintiff,<br><br>     vs.<br><br>WASTE MANAGEMENT OF ARIZONA, INC.,<br><br>           Defendant. | No.<br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

**FIRST CLAIM FOR RELIEF**
(Racial Discrimination)

NATURE OF THE ACTION

This is an action under Title VII of the **Civil Rights** Act of 1964, as amended, to correct unlawful employment practices on the basis of race and to provide appropriate relief to ALVIN DOMINIQUE, who was adversely affected by such practices during his employment by Waste Management of Arizona, Inc. (hereinafter referred to as "Waste Management"). Alvin Dominique was subjected to harassment by a Waste Management supervisor because of his race. Plaintiff was subjected to retaliation when he complained of the racial harassment. The retaliation included, but was not limited to, changes in the terms and conditions of his employment that culminated in the constructive termination of him because he was subjected to a hostile and unsafe work

environment.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 42 U.S.C. §2000e-5(f)(1) and (3)("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## STATEMENT OF THE CLAIMS

3. At all relevant times Defendant Waste Management has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

4. More than thirty days prior to the institution of this lawsuit Plaintiff filed his charge of discrimination with the United States Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.

5. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. Plaintiff, a Black person, worked for Defendant for approximately 3 years from May 21, 2012 until September 2015 when he was constructively discharged.

7. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (a copy is attached, marked as "Exhibit 1" and incorporated by reference herein) alleging that he had been discriminated against based upon race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

8. On or about December 18, 2015, the EEOC issued a Right to Sue letter to Plaintiff (a copy is attached as "Exhibit 2" and incorporated by reference herein).

9. This Complaint is filed within the 90 days after receipt by Plaintiff of his Right to Sue Notice.

10. Since at least 2012 Defendant has engaged in unlawful employment practices at its Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). These unlawful employment practices include the harassment of the Plaintiff because of his race that created a hostile work environment. These practices included, but are not limited to the following:

a. Supervisor, and Defendant's agent, Roy Blanton, made comments regularly at various times in 2012-2015:

1. stating to a Black employee: "you guys really like that chicken with the watermelon, boy;"

2. constantly correcting another supervisor who referred to Plaintiff as "my brother" as not being his brother;

3. stating "you blew it, I'm not hiring another Afro-American (keeping only 2 Afro-Americans in the yard);

4. yelling at and shoving Plaintiff as well as using abusive language directed at Plaintiff; and,

5. failing to pay Plaintiff the same amount for work Plaintiff performed in relief of a white driver.

b. Supervisor Roy Blanton stated when confronted with Plaintiff's claim of discriminatory pay that he would fire Plaintiff or he was just going to tell HR that Plaintiff was unqualified as a driver and his pay should be taken away;

c. On or about June 4, 2015, Plaintiff told Supervisor Blanton that he was disrespecting Plaintiff and Supervisor Blanton shouted at Plaintiff, shoved him, and told him to "get the F… out;"

   d. Plaintiff complained at various times about having to do other drivers' work (who were White) when he was Black especially without getting paid the same amount for the same work;

   e. Paying Plaintiff at a rate less than White employees were paid for performing the same work; and,

   f. Tampering with Plaintiff's assigned truck seat making it unsafe to drive (by loosening the bolts holding the seat).

11. Since 2014, and continuing to the date of Plaintiff's constructive discharge, Defendant has engaged in unlawful employment practices in Arizona in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) when it retaliated against him for opposing the hostile work environment based on race. The retaliation included, but not limited to the constructive discharge of Plaintiff and the conduct set forth in Paragraph 10 above.

12. Since at least 2015 and continuing thereafter, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) when it constructively discharged Plaintiff because the discriminatory treatment had made the workplace intolerable and he was compelled to resign.

13. The effect of the practices complained of in Paragraphs 10-11 above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and in retaliation for his opposition to the hostile and to cause the constructive discharge of Plaintiff.

14. The unlawful employment practices complained of in Paragraphs 10-13 were intentional.

15. The unlawful employment practices complained of in Paragraphs 10-13 above were done with malice and/or with reckless indifference to the federally protected rights of the Plaintiff employed by Defendant.

-4-

WHEREFORE Plaintiff requests:

1. To be made whole by an award of damages for lost and future income together with interest thereon;

2. Damages for emotional distress and pain and suffering;

3. For punitive damages;

4. For reasonable attorneys fees and costs incurred; and,

5. For such other relief this Court deems appropriate.

### SECOND CLAIM FOR RELIEF
(Fair Labor Standards Act)

1. The preceding allegations of this Complaint are incorporated by reference herein as though fully set forth.

2. For the last three years of employment, Defendant failed to pay Plaintiff at the rate of time and one-half for all overtime worked over 40 hours in a week.

3. Plaintiff was paid at a lower rate per hour for all relief work performed and the rate per hour Plaintiff was paid was lower than the required time and one-half of what should have been his hourly rate.

4. Defendant retaliated against Plaintiff in violation of the FLSA when Plaintiff complained about not being paid at the correct rate per hour.

WHEREFORE Plaintiff requests:

1. Damages in an amount proven at trial together with liquidated damages and interest;

2. For reasonable attorneys fees and costs pursuant to the FLSA.

3. For such other relief this Court deems appropriate.

## THIRD CLAIM FOR RELIEF
(Battery)

1. The preceding allegations of this Complaint are incorporated by reference herein as though fully set forth.

2. On or about June 4, 2015, Defendant through its supervisor and agent, Roy Blanton, intentionally and maliciously committed a battery upon Plaintiff.

3. Plaintiff was damaged as result of the battery upon him.

4. Defendant's conduct was wanton, malicious and intentional warranting punitive damages.

WHEREFORE Plaintiff requests judgment as follows:

1. For damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial; and,

3. For such other relief as this Court deems appropriate.

DATED this 16th day of February 2016.

/s/ Guy D. Knoller
Guy D. Knoller